UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY BANZET, | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) |
| vs. | )   CASE NO. 07-CV-270-CVE-FHM |
| | ) |
| MICKEY PERRY, et al., | ) |
| | ) |
|     DEFENDANT. | ) |

### ORDER

Plaintiff's Emergency Motion Intimidating An Federal Wittness Obstruction Sanctions (sic) [Dkt. 24] and Defendant Perry's Motion for Sanctions and Amended Motion for Sanctions [Dkt. 27, 38] are before the Court. The motions have been fully briefed and are ripe for decision.

Counsel for Defendant Perry, Attorney Scott B. Wood, communicated *ex parte* with three individuals who are identified by the Plaintiff as witnesses in the case. Plaintiff contends that it was illegal, unethical and improper under the Federal Rules of Civil Procedure for Attorney Wood to communicate with these witnesses without going through the formal deposition procedure established in the Federal Rules of Civil Procedure. Defendant Perry seeks sanctions against Plaintiff under Fed.R.Civ.P. 11 on the basis that Plaintiff's motion is not well grounded in law or fact.

### Plaintiff's Motion

Plaintiff's Emergency Motion Intimidating An Federal Wittness Obstruction Sanctions (sic) [Dkt. 24] is DENIED.

The Court finds that there was nothing improper, illegal or unethical in Attorney Wood's conduct. Plaintiff's motion is predicated on his misunderstanding of the legal and

ethical rules concerning witness contact. The citations to authority contained in Plaintiff's papers do not support his contentions. Aside from a few exceptions not applicable to this case, there is no prohibition against communicating with witnesses. Parties and attorneys are free to conduct witness interviews to obtain information about the case. Contact with witnesses is not limited only to contact through deposition procedures established by the Federal Rules of Civil Procedure. Furthermore, there is no evidence that Attorney Wood's conduct during the communications was in any way improper.

### **Defendant Perry's Motion for Sanctions**

Defendant seeks an award of the attorney fees incurred in responding to Plaintiff's motion and dismissal of all claims against Defendant Perry as a sanction for Plaintiff's unfounded motion.

Defendant Perry has not established any prejudice to the merits of his case as the result of Plaintiff's conduct. Dismissal of Plaintiff's claims against Defendant Perry is, therefore, inappropriate. *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992)(discussing considerations for the entry of a dispositive sanction).

The request for Plaintiff to pay the attorney fees Defendant Perry incurred in responding to the motion presents a closer question. Plaintiff's motion made serious allegations without any legal basis. Absent other considerations, that conduct would justify an award of attorney fees. However, Plaintiff is acting *pro se* and did at least e-mail counsel for Defendant Perry to try to communicate about the issue. The Court, therefore,

exercises its discretion and DENIES Defendant Perry's Motion for Sanctions [Dkt. 27] and Amended Motion for Sanctions [Dkt. 38].[1]

## CONCLUSION

Plaintiff has demonstrated a pattern of failing to follow applicable rules. This is the third time the Court has had to address Plaintiff's non-compliance with the rules. [Dkt. 16; 21] Plaintiff is hereby warned that future violation of the rules may result in sanctions being imposed against Plaintiff up to and including the imposition of monetary sanctions or the dismissal of Plaintiff's claims.

Plaintiff's Emergency Motion Intimidating An Federal Wittness Obstruction Sanctions (sic) [Dkt. 24] and Defendant Perry's Motion for Sanctions [Dkt. 27] and Amended Motion for Sanctions [Dkt. 38] are DENIED.

SO ORDERED this 28th day of September, 2007.

*[signature: Frank H. McCarthy]*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

---

[1] The Supplement to Defendant Perry's Motion for Sanctions [Dkt. 40] addresses Plaintiff's apparent contribution to a website which, based on the information contained in Plaintiff's baseless motion, accuses attorney Scott B. Wood of intimidating witnesses and violating federal law. According to Defendant, Plaintiff's actions evince Plaintiff's refusal to act in good faith, and potentially impairs Defendant's ability to obtain a fair trial as well as damages the reputation of counsel. The publication of information which is contained in Plaintiff's public filings in this case does not change the Court's analysis. The issue of Defendant's ability to obtain a fair trial will be addressed in jury *voir dire*, or on appropriate motion.